UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-14107-CIV-MARTINEZ/MAYNARD

**PIPER AIRCRAFT, INC. et al.,**

    **Plaintiffs,**

v.

**CZECH SPORT AIRCRAFT, A.S., et al.,**

    **Defendants.**

                                      /

**REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES (DE 257)
AND
PLAINTIFFS' MOTION FOR BILL OF COSTS (DE 258)**

**THIS CAUSE** comes before this Court upon an Order of Reference (DE 259) and the above Motions. Having reviewed the Motions, Response (DE 267) and Reply (DE 268), this Court recommends that Plaintiffs' Motion for Award of Attorneys' Fees and Expenses be granted, and Plaintiffs' Motion for Bill of Costs also be granted.

**BACKGROUND**

This action originated out of a contract between the parties in which Plaintiffs agreed to sell and distribute aircraft manufactured by Defendants throughout the United States. As part of the contract, Defendants agreed to defend and indemnify Plaintiffs in the event of a products liability lawsuit alleging defect in Defendants' aircrafts. DE 117-1 at §§6.10, 14.2. In September 2011, one of Defendants' airplanes crashed in Florida. One person died and his survivors sued Plaintiffs in Illinois State Court. That lawsuit resolved in 2019. Plaintiffs sued Defendants in this case to recover defense costs, which amounted to more than two million dollars. Plaintiffs brought

claims for breach of contract (Count I), indemnity (Count II), specific performance (Count III), declaratory judgment (Count IV), and attorneys' fees (Count V).

On July 29, 2015, the Honorable Jose E. Martinez granted Plaintiffs' motion for partial summary judgment as to Count II, finding that Defendants had a contractual duty to indemnify Plaintiffs. DE 169. Years later, the parties filed cross motions for summary judgment on the issue of whether Plaintiffs were entitled to recover the entire cost of their defense in the Illinois action or if their defense cost should be offset or reduced. DE 250. On July 20, 2020, Judge Martinez issued an order finding Plaintiffs entitled to the entire amount. DE 252. On August 3, 2020, Judge Martinez entered judgment in favor of Plaintiffs in the amount of $2,653,672.12. DE 252, 253. On August 19, 2020, Plaintiffs filed the instant motions for attorneys' fees and costs incurred in pursuing this litigation. DE 257; DE 258. The motions were referred to the undersigned and are ripe for review.

## DISCUSSION

Generally, in the American legal system, each party is responsible for its own attorneys' fees absent a contractual or statutory provision authorizing an award of the same. *In re Home Depot Inc.*, 931 F.3d 1065, 1078 (11th Cir. 2019); *Price v. Tyler*, 890 So. 2d 246, 250 (Fla. 2004). Florida law governs the interpretation of the contracts in this case because it is a diversity action. Under Florida law, attorneys' fees may be awarded to the prevailing party pursuant to a contractual agreement. *Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc.*, 572 F. App'x 796, 801 (11th Cir. 2014) (finding that when the right to attorneys' fees and costs sounds in state law and comes to the court through diversity jurisdiction, the court applies the substantive law of the forum state). In fact, contractual provisions awarding attorneys' fees and costs are

generally enforced and courts do not have the discretion to decline to enforce such provisions. *Lashkajani v. Lashkajani*, 911 So. 2d 1154, 1158 (Fla. 2005). To enforce an agreement for one party to pay the attorneys' fees of another however, the agreement "must unambiguously state that intention and clearly identify the matter in which the attorney's fees are recoverable." *Int'l Fid. Ins. Co. v. Americaribe-Moriarty JV*, 906 F.3d 1329, 1336 (11th Cir. 2018) (*quoting Sholkoff v. Boca Raton Cmty. Hosp., Inc.*, 693 So.2d 1114, 118 (Fla. 4DCA 1997).

Plaintiffs argue that the Master Distribution and Licensing Agreement ("MDA") between the parties provides that the prevailing party in an action seeking to enforce rights under the agreement is entitled to an award of reasonable attorneys' fees and expenses. Specifically, Plaintiffs point to Section 16.10 of the MDA which provides:

> Attorney's Fees. In the event either party shall incur attorneys' fees and costs with respect to the enforcement of this Agreement against the other party, prosecution or defense of any dispute hereunder, the prevailing party shall be entitled to recover from the non-prevailing party all reasonable attorneys' fees and costs (including costs and fees of litigation, insolvency, regulatory, bankruptcy, or investigative proceeding appellate and post judgment proceedings and collection efforts) incurred by the prevailing party in any such action(s).

DE 268-1 at 34, §16.10. Plaintiffs also cite to a Memorandum of Understanding ("MOU") entered into by the parties, which similarly contains a prevailing party attorneys' fees provision. DE 268 at 5. Plaintiffs say they are the "prevailing party" for purposes of these provisions because they prevailed in their efforts to enforce the indemnification rights enumerated in the MDA as set forth in Judge Martinez's order at DE 169.

Plaintiffs seek $321,436 in attorneys' fees (DE 257) and $16,977.68 in costs (DE 258). In support, Plaintiffs attach an affidavit from their attorney of record Gary Don Swaim, Esq. (DE

257-2, DE 258-2), invoices and billing records. Attorney Swaim states that Plaintiffs seek an award of attorneys' fees for the work of himself and Alex Whitman, Esq., both partners at Cunningham Swaim, L.L.P. and the work of Cindy Tijerina, a paralegal at the firm. *Id*. at ¶7. Attorney Swaim states that his billing rate in this case ranged from $325 to $400, Attorney Whitman's billing rate ranged from $190 to $265, and Ms. Tijerina's billing rate ranged from $145 to $160. *Id*. at ¶12. He further states that he spent a total of 488.9 hours on the case, Attorney Whitman spent 527.4 hours, and Ms. Tijerina spent 161.1 hours. *Id*. at ¶13. As for the costs incurred in this litigation, Plaintiffs break down their request by category: clerk and service fees, deposition transcripts, costs of translation, and mediation fees. DE 258-1. Plaintiffs explain that they had to serve Defendants, who are located in the Czech Republic, through the Hague Convention, thereby incurring costs of $5,358 which included private process server fees. DE 258-1 at 2-3. Plaintiffs further explain that deposing a defense witness who required a translator and retaining a service to translate documents produced by Defendants cost $3,461.08. *Id*. at 4. Further, the transcripts of the seven depositions Plaintiff took cost $3,482.50 and two court-ordered mediation fees amounted to $4,676. *Id*. at 3-4.

In their response brief, the Defendants do not contest the amount or type of attorneys' fees or costs sought by the Plaintiffs. Instead, they argue that Plaintiffs are not entitled to fees and costs because the MDA was terminated by the MOU on February 28, 2011. Section 6 of the MOU provides, in relevant part, that the "… MOU does not reactivate or revive the MDA once terminated although various sections of [the MDA] continue in effect indefinitely <u>including, but not necessarily limited to</u>, sections 6.5, 6.10, 7, 9, 12, 14, 15.5, 16.5, 16.7, 16.17, and 17." DE 268-1 at 75-76, §6 (emphasis added). Because the attorneys' fees provision in the MDA – Section

16.10 – is not expressly listed in Section 6 the MOU as a provision that survives termination, Defendants argue that it is invalid. Although Section 6 of the MOU indicates that the list of provisions contained therein is not exhaustive, Defendants argue that the phrase "including but not [necessarily] limited to" is not sufficiently specific to support an award of attorneys' fees. DE 267 at 4.

The undersigned is not persuaded by Defendants' argument. To start, the fees and cost provision in the MDA does not require a continuation provision to go into effect. Rather, the provision simply states that if a party breaches the contract and the non-breaching party sues to enforce their rights under the contract and wins, then the non-breaching party is entitled to reasonable fees and costs. That is true irrespective of whether the contract has ended. Attorneys' fees provisions are routinely enforced after the dates on which the contracts themselves have expired. Defendants' position would require Plaintiffs to sue and win on a contract that was signed in 2010 before the contract's termination in 2011 in order to recover attorneys' fees. Such an interpretation is unrealistic and illogical. Second, both the MDA and the MOU express clear intentions by the parties for the party prevailing on any dispute regarding the agreements to recover attorneys' fees and costs. Indeed, the MOU contains a fees and costs provision that is nearly identical to the fees' provision contained in the MDA:

> In the event either party shall incur attorney's fees and costs with respect to the enforcement of this MOU against the other party, prosecution or defense of any dispute hereunder, the prevailing party shall be entitled to recover from the non-prevailing party all reasonable attorney's fees and costs (including costs and fees of litigation, insolvency, regulatory, bankruptcy or investigative proceeding appellate and post judgment proceedings and collection efforts) incurred by the prevailing party in any such action(s).

DE 268-1 at 78, §12(i). Thus, in both contracts, the parties' intent to provide for attorneys' fees to the prevailing party in the event of litigation is clear and unambiguous. Further, because Defendants' indemnity obligation under the MDA was made a part of the MOU through Section 6 of the MOU, Defendants' breach of that obligation implicates the fees and costs provision of the MOU. As noted above, Section 6 of the MOU lists specific sections of the MDA that survived its termination and continued indefinitely. Among these is Section 14, the MDA's indemnification provision, which the District Court expressly found to have survived termination of the MDA itself. *See* DE 169 at 7.[1] Therefore, the MOU provides an additional basis for an award of fees and costs.

Plaintiffs brought the instant action expressly seeking enforcement of Defendants' contractual obligations under both the MDA and MOU. *See* DE 84 at ¶47. It is undisputed that Plaintiffs are the prevailing party under both agreements. "Under Florida law, the prevailing party for purposes of attorneys' fees is the party that prevailed on any significant issue in the litigation." *Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc.*, 572 F. App'x 796, 801 (11th Cir. 2014). Thus, Plaintiffs are entitled to attorneys' fees and costs under the attorneys' fees provisions in the MDA and the MOU. The fees sought do not appear unreasonable on their face given the lawyers' skill and experience or the length and complexity of the case. Indeed, Defendants do not contest the reasonableness of Plaintiffs' request for fees in any respect. Thus, the undersigned finds the fees requested to be appropriate under the *Lodestar* analysis. Similarly,

---

[1] Order Granting in Part and Denying in Part Plaintiffs' Motion for Partial Summary Judgment. The Court held that "[a]pplying the rules of contract interpretation, the Court finds that Section 14 gives no indication that Czech Sport's obligation to indemnify Plaintiffs was to cease upon the MDA's termination."

Defendants also do not dispute the amount or type of costs Plaintiffs seek and this Court finds them generally recoverable under 28 U.S.C. §1920. As a result, no reduction is appropriate, and Plaintiffs' motions should be granted.

## CONCLUSION

**ACCORDINGLY**, this Court recommends to the District Court that Plaintiffs' Motions for Award of Attorneys' Fees and Expenses (DE 257) and for Bill of Costs (DE 258) be **GRANTED**.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case. Failure to file timely objections shall bar the parties from a de novo determination by the District Court of the issues covered in this Report and Recommendation and bar the parties from attacking on appeal the factual findings contained herein. *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988). Conversely if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 9th day of December, 2020.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE